64 F.3d 659
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert B. RITCHIE, Jr., Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, in its capacity as
receiver/conservator for Investors Home Mortgage
Corporation, Investors Savings Bank f/k/a Investors Savings
and Loan Association, Heritage Savings Bank, Federal Savings
Bank, Investors Real Estate Funding Group, Incorporated
f/k/a Investors Home Mortgage Corporation; John Degaetani,
Incorporated; Barclay's Bank of North Carolina; Doe
Corporations One Through Five; Faye D. Haack, Trustee in
liquidation of Colony Service, Incorporated; John Doe, One
through Ten; Peter H. Wilson; Vicki B. Wilson; Southern
Service Corporation; Virginia Federal Savings Bank;
Richard M. Sweat, Trustee in liquidation of Colony Service,
Incorporated; Mary B. Norbeeh, Trustee in liquidation of
Colony Service, Incorporated; Deborah Y. Chandler, Trustee
in liquidation of Colony Service, Incorporated; Bruce A.
Rippen, Trustee in liquidation of Colony Service,
Incorporated; James B. Gregory, Jr.; Elmer D. Clem, Jr.;
Florence B. Clem; Paul S. Bliley, Jr.; David R. Clelland;
William D. Bayliss, Defendants-Appellees,
and
Henry A. Conner, Jr., Trustee in liquidation of Prestigious
Properties, Incorporated; Walter K. Hooker, Trustee in
liquidation of Prestigious Properties, Incorporated;
Robertson & Company Custom Builders, Incorporated, formerly
known as Gregory & Robertson, Incorporated, Defendants
and
Elaine R. Jordan, Party in Interest.
 No. 94-1554.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1995.
Decided: Aug. 14, 1995.
 
 ARGUED: Anthony Paone, II, ROBERT B. RITCHIE & ASSOCIATES, Richmond, VA, for appellant. Elaine Richardson Jordan, SANDS, ANDERSON, MARKS & MILLER, Richmond, VA, for appellees. ON BRIEF: Douglas P. Rucker, Jr., Dean T. Barham, SANDS, ANDERSON, MARKS & MILLER, Richmond, VA; James S. Crockett, MAYS & VALENTINE, Richmond, VA; Paul S. Bliley, William D. Bayliss, WILLIAMS, MULLEN, CHRISTIAN & DOBBINS, Richmond, VA, for appellees.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 NIEMEYER, Circuit Judge:
 
 
 1
 Robert B. Ritchie, Jr., the second lienholder on a parcel of real property in Henrico County, Virginia, filed a declaratory judgment action to object to a foreclosure sale of that property by the holder of the first mortgage, Investors Savings Bank.[1] Investors Savings Bank filed an interpleader action by way of counterclaim, depositing the proceeds of the foreclosure sale in court and requiring other lienholders to make their claims against the surplus.
 
 
 2
 Robert Canfield, Esq., representing Ritchie, and William D. Bayliss, Esq., acting on behalf of his own clients and the other parties in the litigation, allegedly reached a settlement agreement on December 9, 1987, for disposition of both the declaratory judgment action and the interpleader action. In general terms, Ritchie agreed to take $11,000 from the proceeds of the foreclosure sale and an additional $10,500 from the remaining parties in exchange for dismissal of the litigation. From the proceeds, Ritchie was obliged to pay a portion of the costs of the Commissioner of Chancery and to bear his own attorneys fees. The agreement negotiated by the attorneys was evidenced by letters between them.
 
 
 3
 On December 17, 1994, about a week after the settlement was allegedly reached, Ritchie dismissed Canfield as his attorney and retained Anthony Paone, II, an associate in Ritchie's father's law firm. Paone promptly notified Bayliss that Ritchie accepted the terms of the settlement but insisted that the defendants pay the proceeds of settlement directly to Ritchie and not to Ritchie's former attorney, Canfield.
 
 
 4
 Out of a concern that a possible fee dispute might arise between Ritchie and his former attorney, some of the settling parties filed a motion with the court to order dismissal of the case in accordance with the settlement agreement. Several weeks after the hearing on the motion, for some unexplained reason, Ritchie filed a motion that the foreclosure sale be declared invalid and void. The remaining parties responded with a cross-motion to enforce the settlement agreement.
 
 
 5
 After taking evidence from the parties, the district court found that Ritchie had given his attorney, Canfield, actual authority to negotiate a settlement on his behalf and that Canfield negotiated a complete settlement agreement in accordance with Ritchie's express instructions. The court also found that although Ritchie subsequently indicated his desire to get out of the settlement agreement, Ritchie in fact accepted and ratified the terms of the settlement agreement. The court granted the motion to enforce the settlement agreement and accordingly dismissed the case. Without giving any explanation, the court also ordered Ritchie to pay $18,679.60 to the other settling parties for the attorneys fees and costs incurred in defending the settlement agreement.
 
 
 6
 On appeal, Ritchie contends that Canfield forced Ritchie to agree to the settlement and that therefore the agreement was made under duress. He also argues that the parties never had a "meeting of the minds." Finally, he challenges the award of attorneys fees.[2]
 
 
 7
 Virginia law, which applies, treats settlements as "contracts subject to the general principles of contract interpretation." Byrum v. Bear Investment Co. 936 F.2d 173, 175 (4th Cir.1991). Our review, therefore, is conducted under the principles that apply in any contract action. We review findings of fact for clear error and the legal rulings de novo.
 
 
 8
 Turning to Ritchie's first contention that he was forced to accept the settlement agreement, the record fails to support this contention. Ritchie authorized Canfield to negotiate a settlement, but when Canfield presented the settlement agreement to Ritchie on December 8, 1993, Ritchie expressed his dissatisfaction and attempted to withdraw his settlement offer. Canfield informed Ritchie that it was too late, since a full settlement had been reached, and that if Ritchie insisted on challenging the agreement, Canfield would withdraw as counsel. Ritchie thereupon yielded and agreed to the settlement, but he instructed Canfield to get out of the agreement if the opportunity arose. Ritchie claims that he accepted the settlement only because Canfield threatened to resign as Ritchie's attorney and to testify on behalf of the settling parties if Ritchie did not honor the settlement agreement. Thus, the only pressure imposed on Ritchie was Canfield's post-agreement threat to withdraw if Ritchie did not abide by the settlement agreement.
 
 
 9
 Under Virginia law, duress exists "whenever one party exerts pressure on another which induces the other to enter into a contract or otherwise act under circumstances which deprive the person pressured of the exercise of free will." Azalea Drive-In Theater, Inc. v. Sargoy, 395 F.Supp. 568, 574 (E.D.Va.1975). Furthermore, duress must be proved by clear and convincing evidence. See Seward v. American Hardware Co., 171 S.E. 650, 662 (Va.1933). In the case before us, gwe find no threat which deprived Ritchie of the "exercise of free will." Despite Canfield's threat to withdraw as counsel, that came after the alleged agreement was reached.[3]
 
 
 10
 Alternatively, Ritchie argues that the settlement agreement did not represent a "meeting of the minds." He contends that he and his lawyer, Canfield, never reached an agreement on whether Canfield's $2,000 in attorneys fees were to be specifically funded as an element of the settlement. While Ritchie and Canfield may have had different understandings on how attorneys fees would be paid, that question does not undermine the agreement reached between the settling parties. Ritchie authorized Canfield to negotiate a settlement and, after the fact, accepted the settlement. He confirmed this in response to Canfield's threat to withdraw as counsel and later through his new attorney, Paone.
 
 
 11
 Additionally, Ritchie argues that Canfield and Bayliss never reached a meeting of the minds. He bases this contention on a letter dated December 9, 1987, which Bayliss sent to Canfield confirming the agreement. The letter stated that the other settling parties would be responsible for contributing between zero and $2,000 to the settlement, instead of the $4,000 on which Canfield and Bayliss had orally agreed. When Canfield brought the error to Bayliss' attention, Bayliss readily acknowledged the error and agreed that $4,000 was the correct figure. When Bayliss' initial letter is read in context with the subsequent exchanges between the attorneys, this temporary error cannot form the basis for Ritchie's contention that the respective attorneys never reached a meeting of the minds.
 
 
 12
 Finally, Ritchie challenges the district court's order directing him to pay $18,679.60 in attorneys fees and costs. The settlement agreement did not include a provision for the payment of attorneys fees, nor has any party directed us to any statutory basis for the award. Under the general American rule, therefore, each party would bear its own attorneys fees unless one of the parties or their attorneys acted in such a manner that justified a sanction shifting attorneys fees. Such a sanction could be based on rule or statute, see, e.g., Fed.R.Civ.P. 11; 28 U.S.C. Sec. 1927, or on the inherent power of the court to assess attorneys fees. See Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991) (justifying an award when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons").
 
 
 13
 In this case the district court awarded attorneys fees without explanation. The Court stated that it was granting the defendant's motion for attorneys fees and costs for "the reasons stated in the accompanying Findings of Fact and Conclusions of Law." Yet, in the findings of fact and conclusions of law, there is no discussion of any bad faith or conduct which would support the imposition of attorneys fees as a sanction. Because we are left only to speculate as to the basis for the court's award, without any factual findings or legal conclusions to review, we find it necessary to remand this case to enable the court to make the necessary findings to justify its award of attorneys fees or to take whatever other action it finds appropriate. See Fed.R.Civ.P. 52(a).
 
 
 14
 AFFIRMED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 [1]
 The foreclosure sale was conducted by Investors Home Mortgage Corporation, acting as trustee for Investors Savings Bank, and in April 1992, Resolution Trust Corporation took over as receiver for Investors Savings Bank
 
 
 [2]
 Ritchie also contends that the district court ignored its scheduling order by entertaining the various motions. This contention is frivolous, since the court has plenary authority over its proceedings, and we find no abuse of its discretion
 
 
 [3]
 Because we find Ritchie's claim of duress unfounded, we need not address the question of whether Ritchie preserved the issue below